The Honorable Clarence E. Bell Senator, 18th District P. O. Box 282 Street Parkin, Arkansas 72373
Dear Senator Bell:
This is in response to your opinion request wherein you posed the following inquiries:
 1. What is the effect of a Class A misdemeanor conviction (falsifying a business record Ark. Stat. Ann. 41-2303) on the status of a teacher at a State University? Specifically, does this give cause to dismiss the teacher from teaching duties?
 2. What is the effect of a Class A misdemeanor conviction (falsifying a business record Ark. Stat. Ann. 41-2303) on the status of an administrator at a State University? Specifically, does this give cause to dismiss the administrator from administrative duties?
 3. What is the effect of a Class A misdemeanor conviction (falsifying a business record Ark. Stat. Ann. 41-2303) on the status of a school board official? Specifically, does this give cause for removal?
 4. What is the definition of a "conviction" when Act 346 is involved? Specifically, is a fine plus an SIS equivalent to a conviction?
Your first three inquiries question the effect of a misdemeanor conviction on the status of a teacher, administrator, or board member of a State University. Unfortunately, the answer to each question will turn on the specific policy of the particular institution. Hence, it will not be possible for this Office to give a definite response to these inquiries.
For example, in your first inquiry on what effect a misdemeanor conviction would have on the status of a teacher at a State University, the State University's tenure policy would have to be known. This is, of course, assuming that the teacher in question was a tenured professor. The advice this Office can give, however, is that public employees do not have a property interest in public employment in the State of Arkansas and that, therefore, the simple fact that we are talking about a misdemeanor rather than a felony conviction would not alone preclude releasing a teacher convicted of such.
Again, with respect to an administrator at a State University, the question becomes what due process rights does the institution's policy afford employees. What is the definition of "cause" in the dismissal policy at the particular school? An important distinguishing factor in the situation of an administrator would be that cause would be easy to establish if the administrator had bookkeeping responsibilities and had been recently convicted of the misdemeanor of falsifying a business record.
With respect to the removal of a school board official, neither Amendment 33 to the Arkansas Constitution nor Ark. Stat. Ann. 6-603 define what "cause" for removal specifically is. This is a subjective determination that must be made by the appropriate, responsible public officials.
Of further significance is the answer to your fourth question. Does suspension of imposition of sentence amount to a conviction under the First Offender Act (Act 346 of 1975)? Once the period of probation is satisfactorily completed, i.e., during which the imposition of sentence is suspended, the defendant is discharged without court adjudication of guilt and the defendant's record is expunged. Act 346 further provides that a defendant so charged "may reply in the negative to questions pertaining to past criminal convictions in applications for employment. . . ."
Thus, in answer to all four of your inquiries, this Office is unable to give definite responses. Not only is it questionable whether a misdemeanor conviction in and of itself would be sufficient cause for dismissal in the three classes you have described, but the fact of a conviction may be impossible to establish.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General C. Randy McNair III.